# THE BERKMAN LAW OFFICE, LLC

829 E 15TH STREET, BROOKLYN, NY 11230 | P 718.855.3627 F 718.855.4696 | BERKMANLAW.COM

April 1, 2024

**BY EMAIL**
Gene Dodaro
Comptroller General of the United States
Government Accountability Office
441 G St., NW, Room 7100
Washington, DC 20548

Attn.   Beth Miller
        millerb@gao.gov

Re:   Failure by Comptroller General of the United States to comply with 34 U.S.C. § 20144(d)(4)(D)(iii)

Dear Comptroller General Dodaro,

The undersigned represents over 160 victims of terrorism who have obtained judgments against state sponsors of terrorism under the state sponsored terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A, and who have filed claims for compensation with the United States Victims of State Sponsored Terrorism Fund ("USVSST Fund") created by 34 U.S.C. § 20144 ("USVSST Act").

I am writing because the Comptroller General has failed to carry out a statutory duty by the deadline set in the statute, and as a result my clients' ability to receive compensation from the USVSST Fund has been impaired. My clients respectfully ask that this failure be rectified immediately. Failing prompt action, my clients have instructed me to file an action seeking a writ of mandamus and similar relief.

Pursuant to the Justice for United States Victims of State Sponsored Terrorism Act, as amended, specifically 34 U.S.C. § 20144(d)(4)(D)(i),

> Not later than 1 year after December 29, 2022, and in accordance with clauses (i) and (ii) of paragraph (3)(A), the Comptroller General of the United States shall conduct an audit and publish in the Federal Register a notice of proposed lump sum catch-up payments to the 1983 Beirut barracks bombing victims and the 1996 Khobar Towers bombing victims who have submitted applications in accordance with subsection (c)(3)(A)(ii)(II) on or after such date of enactment, in amounts that, after receiving the lump sum catch-up payments, would result in the percentage of the claims of such victims received from the Fund being equal to the percentage of

> the claims of non-9/11 victims of state sponsored terrorism received from the Fund, as of December 29, 2022.

*Id.*

The report described in this section was published in the Federal Register on the last permissible day, December 28, 2023. A copy is available at: https://www.federalregister.gov/documents/2023/12/28/2023-28674/notice-of-planned-methodology-for-estimating-lump-sum-catch-up-payments-to-eligible-1983-beirut.

The methodology and result contained in that report was blatantly wrong. Even though Congress set up the statutory scheme as requiring an audit and report from the GAO, there was really very little to audit or calculate, as the assignment is very simple. All that is required is to determine the percentage of compensatory damages awards to be paid to the 1983 Beirut barracks bombing victims and the 1996 Khobar Towers bombing victims that would enable them to catch up with other claimants who had received payments from the USVSST Fund during the first four rounds of distributions. This could not be simpler. There were four distributions, in which the following payment percentages of claimants' compensatory damages were paid:

| | |
|---|---|
| Round 1 | 13.66% |
| Round 2 | 4.20% |
| Round 3 | 5.84% |
| Round 4 | 0.40% |
| Total: | 24.10% |

That's it. The catch-up percentage is 24.10%. There are no further calculations to do.

Under 34 U.S.C. § 20144(d)(4)(D)(ii) the December 28, 2023 publication of the GAO report triggered a 30-day opportunity for public comment, which expired January 27, 2024, but since that was a Saturday the public comment period ended no later than January 29, 2024.

Under 34 U.S.C. § 20144(d)(4)(D)(iii), not later than 30 days after the expiration of the comment period, which works out to February 28, 2024, the Comptroller General was required to submit a report to the Committee on the Judiciary and the Committee on Appropriations of the Senate, the Committee on the Judiciary and the Committee on Appropriations of the House of Representatives, and the Special Master on the amounts of the lump sum catchup payments for the 1983 Beirut barracks bombing victims and the 1996 Khobar Towers bombing victims.

The Comptroller General has not submitted such a report. Instead, the GAO is apparently working on a second notice of proposed methodology, which it intends to promulgate for public

comment. But there was no provision in statute for the GAO to issue a second "do over" proposed methodology. Proceeding in that fashion is a violation of the statute. The statute allowed for a proposed methodology, a 30-day period for public comment, and a final report. By failing to issue the required report the Comptroller General has failed to comply with the statute.

Other than reviewing the above numbers, there is no further calculation that the Comptroller General has to do to issue the report to Congress. Though Congress set it up as a report with public comment, etc., the task was really quite simple and it is a travesty to the victims who are awaiting compensation that this has been turned into a cause for delay.

The result of the failure of the Comptroller General to issue the required report is that the USVST Fund cannot proceed to issue the catch-up payments to the 1983 Beirut barracks bombing victims and the 1996 Khobar Towers bombing victims—who have been waiting 41 years and 18 years, respectively, for compensation. And that prevents the USVSST Fund from applying the remainder of the funds allocated to compensate 9/11 victims and my clients, victims of state-sponsored terrorism who hold judgments against state sponsors of terrorism. 18,083 claimants are having their compensation held up because the Comptroller General has not issued the statutorily required report. The amendments to the USVSST Act requiring this report were passed in December 2022, which means the Comptroller General has had more than enough time to review this matter and issue the report.

My clients and all the other thousands of claimants who have submitted claims to the USVSST Fund are real people who have been grievously injured, or who have had close family members killed or grievously injured, and have been living with the pain and suffering of being victims of terrorism for years. Delaying the process of getting them compensation, which enables them to ease their suffering in a small way, is simply unconscionable.

My clients would very much like to hear that a report is being issued forthwith. If it is not, they have instructed me to file an action seeking a writ of mandamus or similar relief requiring the report to be issued with no further delay.

Respectfully yours,

*Robert J. Tolchin*
Robert J. Tolchin