UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIANA CAMPUZANO, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES OF AMERICA, *et al.*,

    *Defendants*.

Civil Action No. 24-1652 (LLA)

MICHAEL GROVER COE, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,

    *Defendants*.

Civil Action No. 24-2714 (LLA)

## ORDER

On October 15, 2024, Defendants filed the administrative record in these consolidated cases. ECF No. 20. The following month, the *Coe* plaintiffs moved to supplement the administrative record with two memoranda referenced in an August 19, 2024 memorandum that is in the administrative record. ECF No. 23.[1] The motion is fully briefed. ECF Nos. 23, 24, 27. For the reasons explained, the court denies the motion to supplement.

---

[1] The *Coe* plaintiffs originally also sought to supplement the record with information related to a public letter sent to U.S. Senator Charles Grassley in May 2024, ECF No. 23, at 1-2, but they have since withdrawn that request, ECF No. 27, at 7.

When a court reviews agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, it must "review the whole record or those parts of it cited by a party," *id.* § 706.  The agency is responsible for compiling the administrative record, and it must include "all documents and materials that the agency 'directly or indirectly considered,' no more and no less." *Oceana, Inc. v. Ross*, 290 F. Supp. 3d 73, 77 (D.D.C. 2018) (quoting *Maritel, Inc. v. Collins*, 422 F. Supp. 2d 188, 196 (D.D.C. 2006)).  The agency's designation of the record is "entitled to a strong presumption of regularity."  *Id.* (quoting *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006)).

Where a plaintiff believes that materials were considered by the agency but not included in the administrative record, he may move to supplement the administrative record.  *Id*.  For the plaintiff to prevail on such a motion, "[]he must only 'put forth concrete evidence' and 'identify reasonable, non-speculative grounds for [his] belief that the documents were considered by the agency and not included in the record.'"  *Id.* at 78-79 (quoting *Charleston Area Med. Ctr. v. Burwell*, 216 F. Supp. 3d 18, 23 (D.D.C. 2016)).

The *Coe* plaintiffs have failed to carry their burden to show that supplementation is warranted.  They argue that because footnotes in the August 19, 2024 memorandum reference "a separate memorandum" regarding the Department of Justice's position on a criminal fine, AR 302-03 n.1, and "separate memoranda" regarding a criminal special assessment, AR 303 n.2, there must exist at least two additional memoranda that were considered by the agency but not included in the administrative record.  ECF No. 23-1, at 3; ECF No. 27, at 2-3.  Defendants respond that "all final decisions made to date regarding the disposition of Binance-related payments have been included in the administrative record, and [that] no other final decisions or memoranda exist."  ECF No. 24, at 2.  In support of their argument, Defendants provide the

declaration of Jennifer Bickford, Chief of the Program Management and Training Unit of the Money Laundering and Asset Recovery Section ("MLARS") at the Department of Justice. ECF No. 24-1 ¶ 1. Ms. Bickford avers that "[w]hile MLARS referred to [the two memoranda] in the present tense [in the August 19, 2024 memorandum], no other final memoranda existed at the time of the August 19, 2024 decision memorandum." *Id.* ¶ 13. Defendants also point to the third Binance-related memorandum, which was issued on November 8, 2024 and explicitly states that it is the "the third [memorandum] issued to date in an anticipated series of memoranda addressing fines, penalties, and forfeitures paid by Binance to various agencies." ECF No. 24, at 4; AR 307 n.1. Defendants contend that if additional intervening decisional memoranda did exist, the Justice Department would not have referred to the November 8, 2024 memorandum as its "third." ECF No. 24, at 4-5. Given the presumption of regularity afforded to agencies in situations like this, as well as the supporting declaration of Ms. Bickford and the November 8, 2024 memorandum's acknowledgement that it is the third in the series, the court is satisfied that Defendants have produced the complete administrative record.

Additionally, to the extent that the *Coe* plaintiffs are seeking to have the administrative record supplemented with non-final, predecisional memoranda, the court agrees with Defendants that such documents would likely fall within the scope of the deliberative-process privilege and, as such, would not be part of the administrative record. ECF No. 24, at 9; *see Citizens for Resp. and Ethics in Wash. v. Fed. Election Comm'n*, No. 22-CV-35, 2024 WL 2110141, at *5 (D.D.C. May 10, 2024) ("Courts in this District have long held that materials that fall within the scope of the deliberative-process privilege are not part of the administrative record."). In any event, Defendants represent—in both their response and the supporting declaration of Ms. Bickford—that MLARS did not consider any predecisional memoranda in preparing the

August 19, 2024 memorandum.  *See* ECF No. 24, at 12; ECF No. 24-1 ¶ 13 ("MLARS did not consider any draft decision memoranda . . . [and] all materials that MLARS considered in making the August 19 decision are included in the record presently before this Court.").  While "citation to a document may . . . indicate [an agency's] consideration of the contents of the document, the fact that a document is merely mentioned does not lead to the same conclusion."  *WildEarth Guardians v. Salazar*, 670 F. Supp. 2d 1, 6 (D.D.C. 2009).  Thus, even if the *Coe* plaintiffs could make the requisite showing that the memoranda exist and are not covered by the deliberative-process privilege, the mere mention of the memoranda in footnotes would not be enough to overcome the presumption of regularity and warrant supplementation.  *See id.*[2]

Accordingly, it is hereby **ORDERED** that the *Coe* plaintiffs' Motion to Supplement the Administrative Record, ECF No. 23, is **DENIED**.

**SO ORDERED.**

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date:   December 30, 2024

---

[2] Because Defendants represent that MLARS did not consider any predecisional memoranda in drafting the August 19, 2024 memorandum, *see* ECF No. 24, at 12; ECF No. 24-1 ¶ 13, the court need not apply the full test to determine whether such documents would be covered by the deliberative-process privilege.  However, were the court to apply the test, it would likely determine that any non-final memoranda sought by the *Coe* plaintiffs are subject to the privilege.  *See Citizens for Resp. & Ethics in Wash.*, 2024 WL 2110141, at *5 ("Two requirements are essential to the deliberative process privilege: the material must be predecisional and it must be deliberative.  A document is predecisional if it was generated before the adoption of an agency policy and it is deliberative if it reflects the give-and-take of the consultative process." (internal quotation marks and citations omitted)).